UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE MAGANA-GUZMAN,<br><br>Defendant. | Case No.  CR12-62RSL<br><br>ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR <u>FRANKS</u> HEARING |

## I. INTRODUCTION

This matter comes before the Court on defendant Enrique Magana-Guzman's "Motion to Suppress Fruits of a Search of a Residence and for Evidentiary Hearing Pursuant to <u>Franks v. Delaware</u>" (Dkt. # 659).  Defendant seeks an order suppressing the evidence seized during a search of his residence pursuant to a search warrant based on his contentions that the affidavit supporting the warrant application did not support a finding of probable cause because it was based on stale information.  Defendant also contends that the affidavit omitted material facts that when included, preclude a finding of probable cause and thus, an evidentiary hearing is necessary under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).  The Court heard oral argument on March 28, 2013.  For the reasons set forth below, the Court DENIES defendant's motion.

ORDER DENYING MOTION - 1

## II. DISCUSSION

**A. Background**

This case arises out of a long-term investigation into the Berrelleza drug trafficking organization, a large-scale organization with ties to a Mexican-based drug cartel. The investigation has yielded an indictment against thirty-four defendants in all.

As part of the investigation into the conspiracy, the government applied for and received a search warrant authorizing the search of twenty locations, many of which were the residences of defendants who had recently been indicted by the grand jury. To support the warrant application, R. Michael Gallegly, a Special Agent with Homeland Security Investigations, prepared and signed an affidavit outlining the investigation of the Berrelleza organization and the probable cause justifying the search of each location.

One of the locations listed to be searched was defendant Enrique Magana-Guzman's suspected residence at 1029 Bluff Ave, in Snohomish, Washington.[1] Based on the authorized search of that residence, federal agents found and seized documents, cell phones, cassette tapes and a white Cadillac Escalade.

**B. Analysis**

A magistrate judge may issue a search warrant if, under the totality of circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular location. Illinois v. Gates, 462 U.S. 213, 238 (1983). A magistrate judge's decision that an affidavit supports a finding of probable cause is "afforded great deference by reviewing courts" and should be upheld unless clearly erroneous. United States v. Alvarez, 358 F.3d 1194, 1203 (9th Cir. 2004) (citation omitted). "In borderline cases, preference will be accorded to warrants and to the decision of the magistrate

---

[1] The Court notes that Enrique Magana-Guzman's brother, Juan Magana-Guzman, has also been charged in relation to the drug trafficking conspiracy. Dkt. # 226 at 2. The Court's references to "Magana-Guzman" in this Order refer to defendant Enrique Magana-Guzman only.

ORDER DENYING MOTION - 2

issuing it." United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990) (quoting United States v. Martinez, 588 F.2d 1227, 1234 (9th Cir. 1987)).

**1. Probable Cause**

Defendant argues that the affidavit did not support a finding of probable cause because a confidential informant's report that defendant's residence was being used as a stash house nine months before the government sought the search warrant was stale and the information provided by the informant was not corroborated and unreliable.  Dkt. # 659 at 9-10.  The Court is not persuaded by either argument.

With respect to defendant's first argument, an affidavit supporting a search warrant must be based on facts "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time."  United States v. Lacy, 119 F.3d 742, 745 (9th Cir. 1997) (quoting Durham v. United States, 403 F.2d 190, 193 (9th Cir. 1968)).  "The mere lapse of substantial amounts of time is not controlling in a question of staleness."  United States v. Dozier, 844 F.2d 701, 707 (9th Cir. 1988) (citing United States v. Foster, 711 F.2d 871, 878 (9th Cir. 1983)).  In addition to considering the passage of time, "[t]he court should also evaluate the nature of the criminal activity and the kind of property for which authorization to search is sought."  Foster, 711 F.2d at 878.  When an affidavit alleges "the existence of a widespread, firmly entrenched, and ongoing narcotics operation . . . staleness arguments lose much of their force."  United States v. Hernandez-Escarsega, 886 F.2d 1560, 1566 (9th Cir. 1989); see also United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991) (upholding warrant based on two year old information about marijuana growing operation because it described "an ongoing criminal business of a necessarily long-term nature"); Dozier, 844 F.2d at 707 (upholding warrant based on five and a half month old affidavit because "marijuana cultivation is a long-term crime").

ORDER DENYING MOTION - 3

      The nine month lapse between the alleged use of the residence as a stash house and the application for the search warrant does not establish that the information in the affidavit was stale.  See Dozier, 844 F.2d at 707.  While it may be true that a nine month lapse in time may make information stale in certain situations, other factors do not support such a finding in this case.  For instance, the affidavit explained that members of the organization were seen arriving and leaving the residence as recently as one week before the application for the search warrant was submitted.  Affidavit of Michael Gallegly (Dkt. # 731-1) ("Gallegly Affidavit") ¶¶ 159-60.  See, e.g., Alvarez, 358 F.3d at 1204 (rejecting staleness challenge where one to three year old information was corroborated by evidence of recent communication with co-conspirators); see also United States v. Vaandering, 50 F.3d 696, 700 (9th Cir. 1995) (finding twenty-two month old information not stale when "the older information was coupled with recently obtained information.").  Similarly, the affidavit described a lengthy investigation into a large-scale drug trafficking organization and the resulting indictment of more than thirty defendants.  Gallegly Affidavit ¶¶ 8, 11-16.  The allegations of both the size of the organization and the entrenched nature of its far-reaching operations, decrease the weight of defendant's arguments that the confidential informant's statements were stale.  See Hernandez-Escarsega, 886 F.2d at 1566.

      As for defendant's second argument that the confidential informant was not reliable, the Court finds that the issuing judge could reasonably rely on the information to find the existence of probable cause.  Contrary to defendant's contention, the affiant explained that he considered the informant reliable because the information the informant provided was corroborated by other confidential informants, as well as other agents' independent investigations.  E.g., Gallegly Affidavit ¶¶ 73, 74, 85.  Additionally, the informant correctly identified several residences that had been or were being used by members of the organization.  Id. ¶¶ 80-82, 84, 85.  Furthermore, contrary to defendant's

ORDER DENYING MOTION - 4

contention, Dkt. # 659 at 10 n.18, the affidavit explains the confidential informant's criminal history, Gallegly Affidavit ¶ 70.

### 2. Franks Hearing

Defendant requests that the Court conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978) on the basis that the description of an intercepted call between two other defendants was intentionally misleading. Dkt. # 659 at 12-15. Franks held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56. Franks set forth a rule of limited scope; a defendant is entitled to a Franks hearing "only if he makes a two-fold showing: intentional or reckless inclusion or omission, and materiality." United States v. Bennett, 219 F.3d 1117, 1124 (9th Cir. 2000). A false inclusion or an omission is considered material if the affidavit, purged of its defects or including the omitted, would not be sufficient to support a finding of probable cause. Id.

Defendant has not met his burden. Defendant contends that the affidavit's description of a call between two members of the organization was designed to suggest that defendant was present for a subsequent drug transaction and had the final part of the call been described in the affidavit, there would not have been probable cause to authorize the search of his residence. Dkt. # 659 at 14. The affidavit explained that Valenzuela, a member of the organization, telephoned "Mula," an unknown member of the organization, and told Mula that he needed four "windows" for the car.[2] Gallegly Affidavit ¶ 124. After Mula told Valenzuela that "Rodo," another member, was with "Kiki," another name for defendant, "Valenzuela told Mula to have Rodo call him. Id.

---

[2] Agent Gallegly explained earlier in the affidavit that "window" is code for methamphetamine. Gallegly Affidavit ¶ 97.

ORDER DENYING MOTION - 5

The affidavit failed to mention that Valenzuela said that he, Rodo, was not there.  See Dkt. # 659-1.  The subsequent paragraphs of the affidavit allege that shortly after that call, Valenzuela met Rodo to obtain the drugs necessary to complete a transaction with a third-party.  Gallegly Affidavit ¶¶ 125-27.  Agents then saw Valenzuela meet the third-party, and engage in an exchange of methamphetamine for money.  Id.  The affidavit does not mention defendant after the description of the call.

Defendant contends that the omission of Valenzuela's comment, "he was not there," was designed to suggest that defendant was with Rodo at the scene of the drug deal approximately two hours after the call.  Dkt. # 659 at 14.  Defendant, however, has not made a preliminary showing that this omission was intentional, or made with reckless disregard for the truth.  Defendant's belief that the omission was deliberate, without more, is insufficient to show intent or reckless disregard for the truth.  See United States v. Prime, 431 F.3d 1147, 1150 n.1 (9th Cir. 2005).  Additionally, while the description of the call may be incomplete, the missing information is not material to the finding of probable cause to search defendant's house.  The paragraphs describing both the call and the subsequent alleged drug deal were in a section of the affidavit regarding the probable cause to search the third-party's residence, not defendant's residence.  Gallegly Affidavit ¶¶ 122-37.  The section of the affidavit supporting probable cause to search defendant's residence does not mention this call or the related transaction.  See id. ¶¶ 156-60.  Furthermore, the affidavit, as written, does not create an inference that defendant was present for the transaction.  While the description alleges that Rodo, Valenzuela, and the third-party were involved in the exchange, there is no mention that defendant was with Rodo at that time.  See id. ¶¶ 125-27.  Thus, even if the information was omitted intentionally, defendant still would not be entitled to a Franks hearing because the information was not material to finding probable cause to search his residence.  United States v. Chavez-Miranda, 306 F.3d 973, 979 (9th Cir. 2002) ("The

ORDER DENYING MOTION - 6

movant bears the burden of proof and must make a substantial showing to support both [deliberate falsehood and materiality].").

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant Enrique Magana-Guzman's "Motion to Suppress Fruits of a Search of a Residence and for Evidentiary Hearing Pursuant to Franks v. Delaware" (Dkt. # 659).

DATED this 11th day of April, 2013.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION - 7